D. WAYNE BROOKS AND WIFE, KATHLEEN C. BROOKS v. ELLA M. GIESEY, SARA MEADOWS, JOHN ALEXANDER MEADOWS, SUE L. MEADOWS AND HOPIE E. BEAMAN

No. 302A92

(Filed 30 July 1993)

1. **Costs § 36 (NCI4th) — attorney's fees — nonjusticiable case — reliance on legal advice — persistence in litigating case**

Sanctions under N.C.G.S. § 6-21.5 may be appropriate despite a layperson's reliance on legal advice if the layperson persists in litigating the case after a point where he should reasonably have become aware that the pleading he filed no longer contained a justiciable issue.

**Am Jur 2d; Costs §§ 72-86.**

BROOKS v. GIESEY

[334 N.C. 303 (1993)]

2. **Costs § 36 (NCI4th)— awareness of nonjusticiable issues— continuance of litigation—attorney's fees—sufficiency of findings and conclusions**

Even though the trial court did not make a specific finding that plaintiffs should reasonably have been aware of the deficiencies in their claims, the trial court's order contains sufficient findings and conclusions to support its award of attorney's fees to defendants under N.C.G.S. § 6-21.5 where the findings and conclusions establish that defendants' answer denied the specific allegations of plaintiffs' complaint and raised various defenses; after engaging in substantial discovery, defendants moved for summary judgment with respect to all claims eight months after their answer was filed; the motion was heard two months later on briefs by stipulation and was granted some fourteen and a half months after defendants' answer denying liability was filed; and from the initiation of this suit by plaintiffs, there never was any factual or legal basis for finding defendants liable for any alleged injury suffered by plaintiffs.

**Am Jur 2d, Costs §§ 72-86.**

3. **Rules of Civil Procedure § 11 (NCI3d)— Rule 11 sanctions— complaint filed before amendment—other papers filed after amendment**

Although a complaint filed prior to the amendment of Rule 11 on 1 January 1987 may not be the basis for sanctions under the legal sufficiency prong of Rule 11, "other papers" filed subsequent to the amendment may be the basis for sanctions if they are interposed for an improper purpose.

**Am Jur 2d, Pleading §§ 211-213, 339-349.**

**Comment Note—Procedural requirements for imposition of sanctions under Rule 11, Federal Rules of Civil Procedure. 100 ALR Fed 556.**

**Comment Note—General principles regarding imposition of sanctions under Rule 11, Federal Rules of Civil Procedure. 95 ALR Fed 107.**

4. **Rules of Civil Procedure § 11 (NCI3d)— discovery responses— Rule 11 sanctions improper**

Discovery responses are not properly the subject of sanctions under Rule 11; rather, a motion under Rule 26(g), the

more specific rule governing sanctions in the context of discovery responses, is the proper avenue for sanctioning such improper conduct.

**Am Jur 2d, Pleading §§ 211-213, 339-349.**

**Comment Note—Procedural requirements for imposition of sanctions under Rule 11, Federal Rules of Civil Procedure. 100 ALR Fed 556.**

**Comment Note—General principles regarding imposition of sanctions under Rule 11, Federal Rules of Civil Procedure. 95 ALR Fed 107.**

5. **Rules of Civil Procedure § 11 (NCI3d)— affidavits opposing summary judgment—other papers—Rule 11 sanctions—insufficient findings**

Assuming that affidavits filed by plaintiffs in opposition to defendants' motion for summary judgment are "other papers" within the meaning of Rule 11, the trial court's finding that the affidavits "contain conclusory and nonfactual statements" did not support the court's general conclusion that "other papers" were interposed for an improper purpose. Furthermore, a separate order was entered against plaintiffs for deposition costs incurred by defendants in response to plaintiffs' affidavits and defendants have thus recovered these costs.

**Am Jur 2d, Pleading §§ 211-213, 339-349.**

**Comment Note—Procedural requirements for imposition of sanctions under Rule 11, Federal Rules of Civil Procedure. 100 ALR Fed 556.**

**Comment Note—General principles regarding imposition of sanctions under Rule 11, Federal Rules of Civil Procedure. 95 ALR Fed 107.**

6. **Rules of Civil Procedure § 11 (NCI3d)— brief opposing summary judgment—other papers—Rule 11 sanctions—insufficient findings**

While a brief filed by plaintiffs in opposition to defendants' motion for summary judgment constituted a "paper" within the meaning of Rule 11, the trial court's finding that plaintiffs make no argument in the brief "with respect to the claims asserted by them in their complaint seeking to recover on

BROOKS v. GIESEY

[334 N.C. 303 (1993)]

the theories of fraud or unfair and deceptive trade practices" was insufficient to support a conclusion that the brief constituted a paper interposed for an improper purpose.

**Am Jur 2d, Pleading §§ 211-213, 339-349.**

**Comment Note—Procedural requirements for imposition of sanctions under Rule 11, Federal Rules of Civil Procedure. 100 ALR Fed 556.**

**Comment Note—General principles regarding imposition of sanctions under Rule 11, Federal Rules of Civil Procedure. 95 ALR Fed 107.**

Justice PARKER did not participate in the consideration or decision of this case.

On appeal and discretionary review of a decision of the Court of Appeals, 106 N.C. App. 586, 418 S.E.2d 236 (1992), reversing an order imposing sanctions under N.C.G.S. § 1A-1, Rule 11(a) and affirming orders imposing sanctions under N.C.G.S. § 6-21.5 and § 1A-1, Rule 37(c) entered by Llewellyn, J., in the Superior Court, Craven County, on 27 July 1990. Heard in the Supreme Court 12 April 1993.

*Glover & Petersen, P.A., by James R. Glover, for plaintiff-appellants D. Wayne Brooks and wife, Kathleen C. Brooks.*

*Ward & Smith, P.A., by Donalt J. Eglinton, for defendant-appellant/appellees Ella M. Giesey, Sara Meadows, John Alexander Meadows and Sue L. Meadows.*

*David P. Voerman, P.A., by David P. Voerman, for appellee David P. Voerman.*

FRYE, Justice.

This case arose when plaintiffs brought an action in Superior Court, Craven County, against defendants for damages arising out of the purchase of certain real property. During 1981 and 1982, defendants Ella M. Giesey, Sara Meadows, John Alexander Meadows, and Sue L. Meadows (referred to collectively as defendants or the Meadows) subdivided land which they had inherited in Craven County into a residential subdivision known as Bellefern Subdivision. Sara Meadows hired an independent engineer and surveyor

BROOKS v. GIESEY

[334 N.C. 303 (1993)]

to lay out and map the development, and an independent general contractor to grade and pave the roads and dig the ditches.

After 1 April 1982, when the surveyor and general contractor completed their work and the subdivision maps and restrictive covenants were recorded, the Meadows began selling lots. They sold Lot 10 on 6 June 1983 to Hopie E. Beaman (Beaman), an independent building contractor and originally a co-defendant in this lawsuit.[1] Lot 10 is lower than the lots on each side of it, and contains a small depression at the back of the lot. On 24 June 1983, plaintiffs, after walking over the lot, contracted with Beaman in writing to purchase the lot and a house which Beaman was to build on the lot. During the period from July to September 1983, plaintiffs became aware of a drainage problem on the lot. They expressed their dissatisfaction and asked Beaman and Sara Meadows to correct the problem. Sara Meadows contacted the independent contractor she had hired earlier to examine the property. The contractor, at no cost to plaintiffs, did some grading and filling across the back of the lot. However, the problem was not alleviated and water continued to stand at the back of the lot following heavy rains. On 12 April 1984, the house was completed and Beaman conveyed the lot to plaintiffs by warranty deed.

Plaintiffs filed a complaint against defendants and Beaman on 4 December 1986, alleging that they had suffered economic loss in connection with their property based on the following theories: (1) breach of warranty; (2) fraud; (3) negligent design and construction of the drainage facilities; (4) creation of an easement; (5) trespass; (6) nuisance; and (7) unfair and deceptive trade practices. On 25 April 1988, the trial court, Judge James D. Llewellyn presiding, granted summary judgment in favor of and awarded costs to defendants. The trial court's order was affirmed by the Court of Appeals in a unanimous, unpublished opinion. *Brooks v. Giesey*, 94 N.C. App. 223, 381 S.E.2d 202 (1989) *(Brooks I)*.

Following *Brooks I*, defendants pursued motions for sanctions against plaintiffs pursuant to, *inter alia*, Rule 11, Rule 37 and N.C.G.S. § 6-21.5. The trial court heard arguments on these motions on

---

1. Summary judgment was entered in favor of Beaman on 4 May 1988. Plaintiffs appealed but the appeal was dismissed, with prejudice, by Stipulation and Consent Order entered 26 August 1988. Accordingly, Beaman was not a party to the first appeal nor is he a party to the present proceeding.

23 April 1990. On 27 July 1990, Judge Llewellyn entered judgments awarding defendants costs (including reasonable attorney's fees) in the amounts of $15,532.99 (under N.C.G.S. § 6-21.5), $12,622.90 (under Rule 11), and $3,200 (under Rule 37).[2] The sanctions imposed pursuant to N.C.G.S. § 6-21.5 and Rule 37 were imposed against the plaintiffs, jointly and severally. The Rule 11 sanctions were imposed against plaintiffs and their attorney, David Voerman, jointly and severally. Plaintiffs and attorney Voerman appealed separately to the Court of Appeals.

The Court of Appeals unanimously reversed the Rule 11 sanctions and affirmed the Rule 37 sanctions. *Brooks v. Giesey*, 106 N.C. App. 586, 418 S.E.2d 236 (1992) (*Brooks II*). A majority of the panel affirmed the award under N.C.G.S. § 6-21.5 with Judge Greene dissenting from that portion of the opinion. Plaintiffs appealed to this Court as of right based on Judge Greene's dissent. Additionally, on 18 November 1992, this Court allowed defendants' petition for discretionary review of two issues relating to the imposition of sanctions under Rule 11. *Brooks v. Giesey*, 332 N.C. 664, 424 S.E.2d 904 (1992).

## I. Sanctions Under N.C.G.S. § 6-21.5

The Court of Appeals affirmed the trial court's award of attorney's fees pursuant to N.C.G.S. § 6-21.5, with Judge Greene dissenting. *Brooks II*, 106 N.C. App. 586, 418 S.E.2d 236. After concluding that the order entered under N.C.G.S. § 6-21.5 was proper, the majority of the panel

> noted that under Rule 11, "a represented party may rely on his attorney's advice as to the legal sufficiency of his claims" and only "will be held responsible if his evident purpose is to harass, persecute, otherwise vex his opponents, or cause them unnecessary cost or delay." *Bryson [v. Sullivan]*, 330 N.C. [644,] 663, 412 S.E.2d [326,] 337 [1992]. In our opinion, it is unfortunate that under section 6-21.5, which does not contain the same limitations, clients who presumably know nothing about the law can be sanctioned for factual and legal deficiencies.

*Id.* at 592, 418 S.E.2d at 239.

---

2. In each of the corresponding orders there is language to the effect that each award is an alternative means for recovering the same costs. Thus, the most defendants will recover is the total cost of defense awarded under N.C.G.S. § 6-21.5.

The dissent disagreed with this observation and noted that there is in fact a limitation on the trial court's ability to impose sanctions under N.C.G.S. § 6-21.5. *Id.* at 595, 418 S.E.2d at 241 (Greene, J., dissenting). The dissent concluded that after determining that a pleading contains no "justiciable issue of law or fact" the trial court

> must then determine that the plaintiff should reasonably have been aware, at the time the complaint was filed, that the pleading contained no justiciable issue of law or fact or that the plaintiff persisted in litigating the case "after the point where [he] should reasonably have become aware that the pleading [he] filed no longer contained a justiciable issue.' " *Bryson*, 330 N.C. at 665, 412 S.E.2d at 338 [(quoting *Sunamerica Financial Corp. v. Bonham*, 328 N.C. 254, 258, 400 S.E.2d 435, 438 (1991))].

*Id.*

We agree with the dissent's observation that the trial court's ability to impose sanctions under N.C.G.S. § 6-21.5 is in fact limited by our holding in *Sunamerica*, 328 N.C. at 258, 400 S.E.2d at 438.

Neither the Court of Appeals' majority nor dissent assert that the imposition of sanctions under N.C.G.S. § 6-21.5 is subject to the Rule 11 limitation we announced in *Bryson v. Sullivan*, 330 N.C. 644, 661, 412 S.E.2d 327, 336 (1992). However, plaintiffs argue that such a limitation should now be recognized. We decline to do so.

In *Bryson*, we considered whether "litigants who rely in good faith upon advice of counsel concerning the legal basis for their claim may have sanctions imposed against them under the legal sufficiency prong of Rule 11 if it is determined that the pleading violates the Rule." *Id.* at 660, 412 S.E.2d at 335-36. We concluded that good faith reliance on an attorney's advice precluded sanctions against the party under the legal sufficiency prong. *Id.* at 662, 412 S.E.2d at 336. However, we made it clear in *Bryson* that this limitation applied only to the legal sufficiency prong and not the improper purpose prong of Rule 11. *Id.* at 663, 412 S.E.2d at 337. That distinction was based on the belief that a represented party should "be held responsible if his evident purpose is to harass, persecute, otherwise vex his opponents, or cause them unnecessary cost or delay." *Id.* (citing *In re Kunstler*, 914 F.2d 505 (4th Cir. 1990), *cert. denied*, --- U.S. ---, 113 L. Ed. 2d 669 (1991)).

[1]  Sanctions under N.C.G.S. § 6-21.5 may be imposed where there is "a complete absence of a justiciable issue of either law or fact." N.C.G.S. § 6-21.5 (1986). Thus, sanctions under N.C.G.S. § 6-21.5 may be appropriate despite the layperson's reliance on legal advice if the layperson persists "in litigating the case after a point where he should reasonably have become aware that the pleading he filed no longer contained a justiciable issue." *Sunamerica*, 328 N.C. at 258, 400 S.E.2d at 438.

Judge Greene concluded that the trial court's order could not be upheld "because the trial court *made no findings or conclusions* on whether these plaintiffs should reasonably have been aware of these deficiencies at the time the complaint was filed or persisted in litigating the case after a point where they should have been aware of its deficiencies." *Id.* at 595, 418 S.E.2d at 241 (Greene, J., dissenting) (emphasis added). However, upon review, we find that the trial court's findings and conclusions were sufficient to uphold the order under N.C.G.S. § 6-21.5 and we now affirm the result reached by the majority of the panel of the Court of Appeals.

[2]  In *Sunamerica*, we observed that "[u]nder N.C.G.S. § 6-21.5, the trial court 'shall make findings of fact and conclusions of law to support its award of attorney's fees.'" *Sunamerica*, 328 N.C. at 260, 400 S.E.2d at 439 (quoting N.C.G.S. § 6-21.5). We held that "[i]n deciding a motion brought under N.C.G.S. § 6-21.5, the trial court is required to *evaluate* whether the losing party persisted in litigating the case after a point where he should reasonably have become aware that the pleading he filed no longer contained a justiciable issue." *Id.* at 258, 400 S.E.2d at 438 (emphasis added). In *Sunamerica*, after the defendant asserted the affirmative defense of the statute of limitations, the plaintiff elected to oppose defendant's motion for summary judgment, rather than seek a dismissal. *Id.* We reviewed the trial court's findings of fact and conclusions of law contained in the order granting summary judgment and attorney's fees, *see id.* at 260-61, 400 S.E.2d at 439-40, and found they were sufficient to support the trial court's order of attorney's fees. This was true although the trial court did not make a specific finding that the plaintiffs "should reasonably have been aware of the deficiencies." Likewise, although there was no specific finding on that issue in this case, we find the trial court's findings and conclusions to be sufficient to uphold the award.

**BROOKS v. GIESEY**

[334 N.C. 303 (1993)]

The granting of defendants' motion for summary judgment is not "in itself a sufficient reason for the court's decision to award attorney's fees" under N.C.G.S. § 6-21.5. However, it "may be evidence to support the court's decision to make such an award." N.C.G.S. § 6-21.5. Thus, we consider the following facts as evidence to support the trial court's award. Plaintiffs filed their Complaint in this case on 4 December 1986. Defendants answered on 4 February 1987, denying specific allegations and raising various defenses. On 12 October 1987, after engaging in substantial discovery, defendants moved for summary judgment with respect to all claims. The motion was heard on 15 February 1988 on briefs by stipulation. The motion was granted on 25 April 1988, some fourteen and a half months after defendants' answer denying liability was filed.

In addition to granting summary judgment, the trial court made extensive findings of fact and conclusions of law in its order granting attorney's fees under N.C.G.S. § 6-21.5. The trial court's findings include the following. (1) In their answer of 4 February 1987, the Meadows specifically denied:

(a) the existence of any agency between them and Hopie E. Beaman, (b) the making by them of any representation (fraudulent or otherwise) to the Plaintiffs, (c) the creation of any easement as alleged, and (d) the making by them of any unauthorized entry upon the Plaintiffs' real property which is the subject of the allegations contained in their Complaint.

(2) Defendants raised the following defenses in their answer:

(a) the absence of privity of contract (and absence of contract or warranty) between them and the Plaintiffs, (b) the absence of the making by or for them to the Plaintiffs of any false or untrue representations concerning the real property which is the subject of the allegations contained in the Plaintiffs' Complaint, (c) independent contract, (d) the absence of any easement as alleged in the Plaintiffs' Complaint, (e) the absence of any unauthorized entry by or for them upon the property which is the subject of Plaintiffs' Complaint and (f) waiver.

(3) The record established the following uncontroverted facts:

a. On June 6, 1983, the Defendants entered a contract to sell Lot 10 of the Bellefern Subdivision . . . to Hopie E. Beaman.

b. On June 24, 1983, after having been contacted by the Plaintiffs, Hopie E. Beaman (acting for and on behalf of himself and Colonial Building Contractors of New Bern, Inc.) showed Lot 10 of the Bellefern Subdivision to the Plaintiffs.

c. On June 24, 1983, the Plaintiffs physically inspected Lot 10 of the Bellefern Subdivision, including the low area which has given rise to the claims . . . and were satisfied with Lot 10 at that time.

d. On June 28, 1983, the Plaintiffs and Hopie E. Beaman . . . in a written contract by which the Plaintiffs agreed to purchase Lot 10 from Hopie E. Beaman . . . and by which Hopie E. Beaman . . . agreed to convey Lot 10 to Plaintiffs and to construct a single family residence on Lot 10 for the Plaintiffs.

e. The contract entered between the Plaintiffs and Hopie E. Beaman on June 28, 1983, contains, among other provisions:

8. PREMISES. THE BUYER acknowledges that they have inspected the . . . property and . . . plans and specifications and that no representations or inducements have been made other than those expressed herein and that this contract, with any amendments hereto, contain (f/c) the entire agreement between the parties hereto.

f. The Defendants were not parties to the written contract between the Plaintiffs and Hopie E. Beaman which was entered on June 28, 1983.

g. Hopie E. Beaman did not at any time on or before June 28, 1983 have any authority to act for or on behalf of any of the Defendants.

h. The Plaintiffs had no contact or communication with any of the Defendants or any person acting for or on behalf of the Defendants with respect to Lot 10 . . . at any time on or before June 28, 1983.

i. Some time after June 28, 1983, the Plaintiffs became dissatisfied with the drainage characteristics of Lot 10 . . . and they first asked the Defendants to assist them regarding this matter in September, 1983.

BROOKS v. GIESEY

[334 N.C. 303 (1993)]

j. At the Plaintiffs request and in or after September, 1983, the Defendants secured for the Plaintiffs in an attempt to alleviate the Plaintiffs' dissatisfaction with the drainage characteristics of Lot 10 . . . the services of a licensed land surveyor and professional engineer and licensed contractor.

k. The Plaintiffs did not pay the Defendants any sum or provide the Defendants with any other consideration for securing for them pursuant to their request the services of a licensed land surveyor and professional engineer and a licensed contractor.

l. The Plaintiff D. Wayne Brooks acknowledged in his deposition . . . that the actions taken by the licensed land surveyor and professional engineer and the licensed contractor . . . actually "improved" the drainage characteristics with which the Plaintiffs were dissatisfied.

In its conclusions of law, after specifically setting out why each claim failed to present a justiciable issue of law or fact, the trial court concluded that "[n]one of the claims asserted by the Plaintiffs in their Complaint seeking to recover from Defendants on any theory presents any justiciable issue of fact or law."

The trial court's findings of fact and conclusions of law establish that from the initiation of this suit, there was never any factual or legal basis for finding defendants liable for any alleged injury suffered by plaintiffs. Thus, we conclude that the trial court's order, which was much more detailed than the order approved in *Sunamerica*, 328 N.C. at 261, 400 S.E.2d at 440, contains sufficient findings and conclusions to support the award of attorney's fees under N.C.G.S. § 6-21.5. We therefore affirm the Court of Appeals on this issue.

## II. Rule 11 Sanctions

[3] We turn next to the trial court's order awarding defendants attorney's fees under Rule 11. We granted defendants' petition for discretionary review of two issues relating to this award. The first issue raised by defendants is whether plaintiffs and their attorney may be liable for sanctions under Rule 11 for signing and filing certain "other papers" for an improper purpose after 1 January 1987. Although we answer this question in the affirmative, we conclude that Rule 11 sanctions under that prong are improper in this case. Therefore, we affirm the Court of Appeals'

decision to reverse the trial court's order under Rule 11 without reaching defendants' second issue.[3]

Rule 11 provides, in relevant part, that the

signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

N.C.G.S. § 1A-1, Rule 11 (1990). The Court of Appeals held that the trial court "erred in ordering Rule 11 sanctions against [plaintiffs] and their attorney based on [plaintiffs'] complaint because the complaint was filed before the enactment of the current Rule 11." *Brooks II*, 106 N.C. App. at 590, 418 S.E.2d at 238.

A Rule 11 violation occurs, if at all, when one signs and files a "pleading, motion or other paper" in violation of the rule. N.C.G.S. § 1A-1, Rule 11. Until its amendment, effective 1 January 1987, Rule 11 provided that a pleading which was not signed or which was signed in violation of the rule could be stricken as "sham and false." *Turner v. Duke University*, 325 N.C. 152, 163, 381 S.E.2d 706, 712 (1989). Rule 11 did not authorize monetary sanctions before its amendment. *See id.* The Court of Appeals was correct that monetary sanctions based solely on the legal sufficiency prong of Rule 11 could not be imposed against a party for the signing of a complaint filed before the amended version of Rule 11 was in effect.

The earlier version of Rule 11 was in effect at the time the complaint in this case was signed. Thus, the complaint in this case, filed in December of 1986, could not be a basis for the imposition of Rule 11 sanctions. *See In re Williamson*, 91 N.C. App. 668, 681-82, 373 S.E.2d 317, 324 (1988).

Defendants argue, however, that the trial court's order sanctioned the filing of "other papers" for an "improper purpose" rather

---

3. The second issue raised by defendants is whether plaintiffs and their attorney can avoid the imposition of sanctions under Rule 11 on the basis of due process.

## BROOKS v. GIESEY

[334 N.C. 303 (1993)]

than the filing of the complaint. While we agree that Rule 11 sanctions may be properly imposed against a party who signed and filed motions or other papers after 1 January 1987 in violation of the rule, we cannot uphold the trial court's order in this case.

We have held that "[t]he improper purpose prong of Rule 11 is separate and distinct from the factual and legal sufficiency requirements." *Bryson*, 330 N.C. at 663, 412 S.E.2d at 337. Thus, even if a paper is well grounded in fact and law, it may still violate Rule 11 if it is served or filed for an improper purpose. *Id.* at 664, 412 S.E.2d at 337. Likewise, although a complaint filed prior to the amendment of Rule 11 may not be the basis for sanctions under the legal sufficiency prong of Rule 11, "other papers" filed subsequent to the amendment may still be the basis for sanctions if they are interposed for an improper purpose. This is true even though the "other papers" necessarily relate to claims asserted in a complaint which was not filed in violation of Rule 11 as it existed on the date of filing.

We have observed that in reviewing a trial court's order under Rule 11

the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. If the appellate court makes these three determinations in the affirmative, it must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a).

*Turner*, 325 N.C. at 165, 381 S.E.2d at 714. In applying these principles to the present case, we conclude that the trial court erred in entering this award under Rule 11. In this case, the trial court concluded, *inter alia*, that

5. The papers signed, served and filed by the Plaintiffs and the attorney of record for the Plaintiffs . . . were interposed for the improper purpose of attempting to circumvent a summary adjudication adverse to the Plaintiffs with respect to the unwarranted claims asserted in the Plaintiffs' Complaint by suggesting (through conclusory and nonfactual statements) that there existed some controverted issue of material fact

regarding these claims, thereby causing unnecessary delay and needless increase in the cost to the Defendants of defending against these claims.

. . . .

9. The time committed by [defendants' attorney] after April 14, [1987][4] involved activities which were reasonably necessary to the defense against claims asserted in the Plaintiffs' Complaint and pursued thereafter without regard to the law or facts for improper purpose by the Plaintiffs and their attorney of record.

The Court of Appeals was presumably troubled by the language above which states that the costs incurred after 14 April 1987 were in connection with the defense of the "claims asserted in the Plaintiffs' Complaint . . . ." However, we observe that the trial court's conclusions reflect consideration of other "papers signed, served and filed by Plaintiffs and the attorney of record." Thus, we must determine whether the trial court's findings support its conclusion that "other papers" were properly the subject of the Rule 11 award.

In support of its conclusions, the trial court found as facts, *inter alia*, that plaintiffs served the following papers on defendants. First, plaintiffs verified and their attorney signed and served on defendants three responses to defendants' first discovery request,[5] all of which included denials to requests for admissions and conclusory and nonfactual responses to interrogatories. Also, in response to defendants' motion for summary judgment, plaintiffs filed the affidavits of both plaintiffs and five potential witnesses. Lastly, plaintiffs filed a "Brief in Opposition to Defendants' Motion for Summary Judgment" signed by attorney Voerman. As a violation of Rule 11 occurs, by its terms, only in relation to a signed "pleading, motion or other paper," we must determine which, if any, of these papers are "other papers" that could be the basis for sanctions under the rule.

---

4. A discovery response served by plaintiffs on 13 April 1987 constitutes the first of the "other papers" which appear to be the subject of the trial court's order under Rule 11.

5. After plaintiffs' initial response to defendants' first set of discovery requests, defendants filed a motion to compel and for sanctions pursuant to N.C.G.S. § 1A-1, Rules 26, 33, 36 and 37. Plaintiffs agreed to supplement their answers and served two supplemental responses.

We have observed that

[t]he North Carolina Rules of Civil Procedure are, for the most part, verbatim recitations of the federal rules. *Sutton v. Duke*, 277 N.C. 94, [99,] 176 S.E.2d 161[, 164] (1970). Decisions under the federal rules are thus pertinent for guidance and enlightenment in developing the philosophy of the North Carolina rules. *Id.*

*Turner*, 325 N.C. at 164, 381 S.E.2d at 713. This holds true for N.C.G.S. § 1A-1, Rule 11(a). *See id.* at 163, 381 S.E.2d at 713.

[4] First, we consider the discovery responses. The following comments of the Advisory Committee on the federal version of Rule 11 are instructive in determining whether discovery responses are "other papers" within the meaning of Rule 11. "Although the encompassing reference to 'other papers' in new Rule 11 literally includes discovery papers, the certification requirement in that context is governed by proposed new Rule 26(g). Discovery motions, however, fall within the ambit of Rule 11." Fed. R. Civ. P. 11 advisory committee's note. Many other authorities also conclude that discovery papers are not "other papers" within the meaning of Rule 11. *See* Georgene M. Vairo, *Rule 11 Sanctions* § 4.01[d][7][A], at 4-109 ("Rule 11 applies to motions in connection with discovery, but Rule 26(g) applies to discovery requests, responses and objections. Occasionally, a court will incorrectly permit the imposition of Rule 11 sanctions in connection with discovery responses. The majority, and correct, view, however, is that Rule 26(g) or other rules governing discovery generally are the applicable rules." (footnotes omitted)); Gregory P. Joseph, *Sanctions The Federal Law of Litigation Abuse* § 5(D)(2)(b) at 69-70 [hereinafter *Sanctions*] ("Discovery requests and responses . . . are surely court 'papers' within Rule 11, but they are expressly governed by Rule 26(g) and are generally not intended to be subject to Rule 11. . . . [O]nly discovery papers subject to Rule 26(g) were specifically carved out of the operation of Rule 11 by the Advisory Committee.").

N.C.G.S. § 1A-1, Rule 26(g) requires an attorney or unrepresented party to sign each discovery request, response, or objection. Such signature constitutes a certification parallel to that required by Rule 11. Again, the advisory committee's notes relating to the federal rule are instructive in interpreting the similar North Carolina Rule. *See Turner*, 325 N.C. at 164, 381 S.E.2d at 713.

The term 'response' includes answers to interrogatories and to requests to admit as well as responses to production requests. . . . Motions relating to discovery are governed by Rule 11. However, since a discovery request, response, or objection usually deals with more specific subject matter than motions or papers, the elements that must be certified in connection with the former are spelled out more completely. The signature is a certification of the elements set forth in Rule 26(g).

Fed. R. Civ. P. 26 advisory committee's note.

We recognize that this Court's decision in *Turner*, 325 N.C. 152, 381 S.E.2d 706, has been interpreted by the Court of Appeals as equating motions under Rules 11 and 26(g). *See Taylor v. Taylor Products*, 105 N.C. App. 620, 628 n.2, 414 S.E.2d 568, 574 n.2 (1992). However, plaintiffs in *Turner* made motions under both rules, even though the Court addressed the issue in terms of Rule 11. *Turner*, 325 N.C. at 165, 381 S.E.2d at 714. While it is true that sanctions under Rule 26(g) may be applied following Rule 11 case law, we disavow *Taylor* to the extent that it holds that the "failure to proceed under Rule 26(g) is not material." *Taylor*, 105 N.C. App. at 628 n.2, 414 S.E.2d at 574 n.2.

The imposition of sanctions for discovery abuses under Rule 26(g) informs offending counsel of exactly what action is being sanctioned. This process alleviates any due process concerns an attorney might raise by claiming not to know which of his or her actions merit sanctions. *See Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986) (stating that "[t]o apply Rule 11 literally to all papers filed in the case, including those which are the subject of special rules, would risk the denial of the protection afforded by those special rules"), *abrogated on other grounds, Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 L. Ed. 2d 359 (1990). We conclude that a motion under the more specific rule governing sanctions in the context of discovery responses is the proper avenue for sanctioning such improper conduct.[6] *See Zaldivar*, 780 F.2d

6. We note that defendants in the present case made a motion for sanctions pursuant to Rule 26(g). The motion for sanctions under Rule 26 was incorporated with defendants' motion for sanctions under Rules 33, 36 and 37. It appears that these motions were merged and treated together as a motion under Rule 37. As noted earlier, the trial court did enter an award of $3,200 under Rule 37. This award was for costs incurred by defendants in proving matters denied by plaintiffs in these discovery responses. Thus, defendants recovered the costs incurred as a result of the improper discovery responses.

BROOKS v. GIESEY

[334 N.C. 303 (1993)]

at 829-30 ("Rule 11 is not a panacea intended to remedy all manner of attorney misconduct occurring before or during the trial of civil cases. . . . [It is not] properly used to sanction the inappropriate filing of papers where other rules more directly apply."); *Ortho Pharmaceutical Corp. v. Sona Distributors, Inc.*, 117 F.R.D. 170, 172 (S.D. Fla. 1986) ("rules that directly apply to the procedural situation always supersede the use of Rule 11"), *aff'd*, 847 F.2d 1512 (11th Cir. 1988). Therefore these discovery responses were not properly the subject of sanctions under Rule 11.

[5] Next, we consider whether the affidavits and the brief filed in opposition to defendants' motion for summary judgment are "papers" within the meaning of Rule 11. There is little question that plaintiffs' brief constituted a "paper" within the meaning of the rule and, for purposes of this discussion, we will assume that the affidavits signed by plaintiffs are papers within the meaning of the rule as well.[7] *See Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 112 L. Ed. 2d 1140 (1991) (holding that a party may be sanctioned under Rule 11 for signing an affidavit which violates the federal rule); *see also* Joseph, *Sanctions* § 5(D)(2)(a) at 64 (observing that "[p]apers attendant to pleadings and motions (briefs, affidavits, papers filed pursuant to local court rule, and the like) are generally governed by" the federal version of Rule 11). *But cf. Zaldivar*, 780 F.2d at 830 (holding that "the filing of inappropriate affidavits in support of, or in opposition to, motions for summary judgment should be considered under Rule 56(g), rather than Rule 11"). However, even assuming the brief and affidavits are papers under Rule 11, the trial court's order in regard to these papers must nonetheless be reversed.

The trial court's only finding in regard to the plaintiffs' affidavits was that they "contain conclusory and nonfactual statements." While this finding may support a conclusion that the affidavits were interposed for an improper purpose, we cannot say that the finding in regard to the affidavits alone supports the trial court's general conclusion that "other papers" were interposed for an improper purpose. We also note that there was a separate order entered against plaintiffs for deposition costs in-

---

7. The advisory committee's notes do not exclude these papers, unlike discovery responses, from the reach of the federal version of Rule 11. Fed. R. Civ. P. 11 advisory committee's note.

curred by defendants in response to plaintiffs' affidavits. Defendants therefore have also recovered these costs.

[6] The trial court's only finding in relation to the brief was that in it "[p]laintiffs make no argument with respect to the claims asserted by them in their Complaint seeking to recover on the theories of fraud or unfair and deceptive trade practices." We cannot say that this finding supports a conclusion that the brief constituted a paper interposed for an improper purpose. Thus, we cannot affirm the trial court's order of Rule 11 sanctions based on the brief.

There are no other "papers" which could be the subject of the trial court's Rule 11 order. As we cannot affirm sanctions based on any of the papers we examined, we affirm the Court of Appeals' reversal of the trial court's Rule 11 order.

For the reasons stated above we affirm the decision of the Court of Appeals.

AFFIRMED.

Justice PARKER did not participate in the consideration or decision of this case.