Burgess v. Am. Express Co., 2007 NCBC 22

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF POLK | 07 CVS 40 |

C. BURGESS,

      Plaintiff,

v.

AMERICAN EXPRESS CO., EXPERIAN
INFORMATION SOLUTIONS, INC.,
INNER CONCEPTS, INC., CINGULAR
WIRELESS, LLC, TARGET STORES,
INC., WAL MART ASSOCIATES, INC.,
AIS NETWORK, INC., CLICKSPRING,
LLC, RINGTONE.COM, LLC, EBAY, INC.,
PUREVIDEO NETWORKS, INC.,
VARIOUS, INC., FRISCHMAN
ENTERPRISES, INC., AVIS BUDGET
CAR RENTAL, LLC, VONAGE AMERICA,
INC., OFFICE DEPOT, INC., CITIGROUP
CORPORATE, THE CREDO GROUP,
INC., INTERNET BRANDS, INC., J.G.
WENTWORTH & CO., INC.,

      Defendants.

ORDER & OPINION

*Charles Burgess, Plaintiff, pro se.*

*McAngus, Goudelock & Courie, PLLC by John E. Spainhour for Defendant American Express Co.*

Diaz, Judge.

{1}    This matter is before the Court on the cross-motions of *pro se* Plaintiff Charles Burgess ("Burgess") and Defendant American Express Co. ("AMEX") for sanctions pursuant to Rule 11 of the North Carolina Rules of Civil Procedure ("Rule 11"). For the reasons stated below, the Court **DENIES** Burgess's Motion for Sanctions and **GRANTS** AMEX's Motion for Sanctions.

## I.

## FINDINGS OF FACT

{2}     Burgess filed his Complaint on 13 February 2007.

{3}     On 1 March 2007, Burgess amended his Complaint, and on 5 March 2007, Burgess purported to amend his Complaint a second time.[1]

{4}     In his Amended Complaint, Burgess alleges that Defendants AIS Network, Inc. and Clickspring, LLC illegally placed programs on his computer that facilitated the receipt of unwanted "pop-up" advertisements. (Am. Compl. ¶¶ 26–28, 46.) He further alleges that AMEX and various other Defendants used these programs to illegally place unwanted "pop-up" advertisements on his computer (Am. Compl. ¶¶ 29–30, 32–33, 38–40, 49–50, 52, 55–56), and that these "pop-up" advertisements, and the programs that facilitated them, have invaded and damaged his computer (Am. Compl. ¶¶ 27, 34–36, 40, 49, 51).

{5}     On 21 March 2007, AMEX filed a Notice of Designation of Action as Mandatory Complex Business Case (the "Notice of Designation") under section 7A–45.4 of the North Carolina General Statutes.

{6}     That same day, AMEX filed an offer of judgment pursuant to Rule 68(a) of the North Carolina Rules of Civil Procedure allowing judgment to be had against it for $1.00 "for all damages, attorneys' fees taxable as costs, and the remaining costs accrued at the time the Offer is filed." (Offer of J. 2.)

{7}     On 22 March 2007, the Chief Justice of the North Carolina Supreme Court designated this matter a mandatory complex business case, and on 26 March 2007, Judge Ben Tennille, the Chief Special Superior Court Judge for Complex Business Cases, assigned this case to me.

{8}     On 26 March 2007, Burgess filed an Opposition to Notice of Designation pursuant to Business Court Rule 3.3.

---

[1] On 14 May 2007, the Court entered an Order striking Burgess's Second Amended Complaint for failure to comply with Rule 15 of the North Carolina Rules of Civil Procedure. (Order, May 14, 2007.)

{9}     On the same day that he filed his objection to litigating in the Business Court, Burgess filed a Motion for Sanctions under Rule 11 alleging that AMEX filed its offer of judgment and Notice of Designation frivolously and in bad faith. (*See* Pl.'s Mot. Sanctions.)

{10}   As to his Rule 11 Motion, Burgess alleges, among other things, that:

> (1) AMEX and its counsel filed the $1.00 offer of judgment "solely for purposes of extorting the Plaintiff into a ridiculous settlement" (Pl.'s Mot. Sanctions 1);
>
> (2) AMEX's decision to remove the case to the North Carolina Business Court was "totally unsupported by facts and not supported by the frivolous pleading of counsel for [AMEX]" and "[t]hat the motivation behind the Removal to Business Court is to get the case in a Court in Charlotte where counsel for [AMEX] resides and thereby prejudice the Plaintiff who will then have to travel to a location outside his home" (Pl.'s Mot. Sanctions 2); and
>
> (3) "counsel for [AMEX] is trying to extort a settlement from the Plaintiff in a perverted effort to impress his wealthy client and fatten his own pocket by using devious and illegal means" (Pl.'s Mot. Sanctions 2).

{11}   On 4 April 2007, and again the next day, counsel for AMEX requested that Burgess withdraw his Rule 11 Motion, but Burgess refused. (Pl.'s Reply Mot. Sanctions Ex. C, D.)

{12}   On 13 April 2007, AMEX filed a response to Burgess's Motion for Sanctions.

{13}   That same day, AMEX filed a Motion for Sanctions against Burgess, alleging that Burgess's Motion for Sanctions violated Rule 11. (*See* Def.'s Mot. Rule 11 Sanctions.)

{14}   On 17 April 2007, Judge Tennille entered an order overruling Burgess's objection to the Notice of Designation. (*See* Order, Apr. 17 2007.)

{15}   On 19 April 2007, Burgess filed a response to AMEX's Motion for Sanctions.

{16}   On 12 June 2007, the Court heard oral arguments on the cross-motions for sanctions.

## II.
## CONCLUSIONS OF LAW
### A.
### RULE 11 STANDARD

{17}   Rule 11 of the North Carolina Rules of Civil Procedure states:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated.  A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. . . .  The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . .  If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

N.C. R. Civ. P. 11.

{18}   In analyzing whether a pleading, motion, or other paper meets the first certification requirement under Rule 11, the Court "must determine:  '(1) whether the [party] undertook a reasonable inquiry into the facts and (2) whether the [party], after reviewing the results of his inquiry, reasonably believed that his position was well grounded in fact.'" *Kohler Co. v. McIvor*, 177 N.C. App. 396, 402, 628 S.E.2d 817, 822 (2006) (quoting *McClerin v. R-M Indus., Inc.*, 118 N.C. App. 640, 644, 456 S.E.2d 352, 355 (1995)).

{19}   "In determining whether sanctions are warranted under the legal sufficiency prong of the rule, the Court must first determine the facial plausibility of the paper." *Mack v. Moore*, 107 N.C. App. 87, 91, 418 S.E.2d 685, 688 (1992) (citing *Bryson v. Sullivan*, 330 N.C. 644, 661, 412 S.E.2d 327, 336 (1992)).

{20}   If the pleading, motion, or other paper is not facially plausible, "then the second issue is (1) whether the alleged offender undertook a reasonable inquiry into the law, and (2) whether, based upon the results of the inquiry, [the alleged offender] formed a reasonable belief that the paper was warranted by existing law, judged as of the time the paper was signed." *Id.* "If the court answers either prong of this second issue negatively, then Rule 11 sanctions are appropriate." *Id.* (citing *Bryson*, 330 N.C. at 661–62, 412 S.E.2d at 336).

{21}   Even if a pleading, motion, or other paper is well grounded in fact or law, however, "it may still violate Rule 11 if it is served or filed for an improper purpose." *McIvor*, 177 N.C. App. at 404, 628 S.E.2d at 823–24 (quoting *Brooks v. Giesey*, 334 N.C. 303, 315, 432 S.E.2d 339, 345–46 (1993)).

{22}   Under Rule 11:

> an objective standard is used to determine whether a paper has been interposed for an improper purpose, with the burden on the movant to prove such improper purpose. . . .  In this regard, the relevant inquiry is whether the existence of an improper purpose may be inferred from the alleged offender's objective behavior. . . .  An improper purpose is any purpose other than one to vindicate rights . . . or to put claims of right to a proper test.

*Mack*, 107 N.C. App. at 93, 418 S.E.2d at 689 (internal quotations and citations omitted).

{23}   "[T]he Rule 11 movant's subjective belief that a paper has been filed for an improper purpose is immaterial in determining whether an alleged offender's conduct is sanctionable." *Id.* (citing *Taylor v. Taylor Prods., Inc.*, 105 N.C. App. 620, 632, 414 S.E.2d 568, 576–77 (1992)).

{24}   Finally, the burden is on the movant to show an improper purpose, *id.*, and "[t]here must be a strong inference of improper purpose to support imposition of

sanctions." *Bass v. Sides*, 120 N.C. App. 485, 488, 462 S.E.2d 838, 840 (1995) (citing *Mack*, 107 N.C. App. at 93–94, 418 S.E.2d at 689).

B.

BURGESS'S MOTION FOR SANCTIONS

{25}   Under Business Court Rule 15.2, "[a]ll motions, unless made orally during a hearing or a trial, shall be in paper writing or electronic form and shall be accompanied by a brief . . . ."  BCR 15.2 (2006).

{26}   Under Business Court Rule 15.11, a "motion unaccompanied by a brief may, in the discretion of the Court, be summarily denied."  BCR 15.11 (2006).

{27}   Because Burgess's Motion for Sanctions was unaccompanied by a separate brief, that is sufficient grounds to **DENY** it.

{28}   Even considering the merits, Burgess's Motion for Sanctions still fails.

{29}   Burgess's Motion attacks two papers filed by AMEX:  (1) the $1.00 offer of judgment filed pursuant to Rule 68 of the North Carolina Rules of Civil Procedure, and (2) the Notice of Designation of this matter as a complex business case.  The Court discusses each of these in turn.

1.

AMEX'S OFFER OF JUDGMENT

{30}   Rule 68 provides in relevant part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued.

> If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.

> An offer not accepted within 10 days after its service shall be deemed withdrawn and evidence of the offer is not admissible except in a proceeding to determine costs.

> If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

N.C. R. Civ. P. 68(a).

{31} Rule 68 makes no attempt to define the contours of a valid offer of judgment, other than to say that it must be for money, property, or in the case of injunctive or other relief, "to the effect specified in [the] offer." *Id.*

{32} Our Court of Appeals has made clear, however, that "[t]he purpose of Rule 68 is to encourage settlements and avoid protracted litigation." *Scallon v. Hooper*, 58 N.C. App. 551, 554, 293 S.E.2d 843, 844 (1982); *accord Aikens v. Ludlum*, 113 N.C. App. 823, 824, 440 S.E.2d 319, 320 (1994).

{33} Viewed in that context, it is difficult to see how a $1.00 offer of judgment tendered at the very inception of the litigation promotes the Rule's purpose, given that it has "little if any chance of seriously opening negotiations or of settling a case." *Century 21 Today, Inc. v. Tarrant*, No. 240696, 2003 Mich. App. LEXIS 2762, at *2 (Mich. Ct. App. Oct. 28, 2003).

{34} Thus, I find that AMEX's $1.00 offer of judgment was not intended to promote a settlement but instead was a tactical maneuver intended to trigger the cost-shifting mandate of Rule 68 in the event of a defense verdict.

{35} The question raised by Burgess's Motion is whether this tactic is subject to sanctions under North Carolina law. I conclude that it is not.

{36} The North Carolina cases shed no light on what constitutes a proper offer of judgment for purposes of Rule 68, and I have found few cases from other jurisdictions that address the issue. Perhaps this is because, while it may be simple to determine the *bona fides* of an offer of judgment at the margins, it becomes a subjective exercise when the offer lies somewhere within the extremes. *See Warr v. Williamson*, 195 S.W.3d 903, 908 (Ark. 2004) (Imber, J., concurring) (asking rhetorically whether a $200,000 offer of judgment would be a *bona fide* offer in a case "where millions of dollars are at stake").

{37}   Moreover, that an offer of judgment may not be *bona fide*—in the sense that it does not promote the purpose of Rule 68—does not mean that the offeror should be subject to Rule 11 sanctions.  After all, AMEX's offer of judgment does satisfy the literal requirement of Rule 68(a), even if the amount offered is only $1.00.

{38}   Further, a defendant who is convinced that a case lacks merit should not be required to offer a substantial sum to obtain the benefit of the statute.  *See O'Neil v. Wal-Mart Stores, Inc.*, 602 So. 2d 1342, 1344 (Fla. Dist. Ct. App. 1992) (reversing award of attorneys fees to a defendant and remanding to trial court for determination of whether $1.00 offer of settlement was "unreasonably rejected" under Florida Rules of Civil Procedure).

{39}   Whether AMEX would be entitled to recover its costs in this case pursuant to Rule 68 remains an open question.  *See Warr*, 195 S.W.3d at 907 (declining to make such an award in the face of a $1.00 offer of judgment); *Tarrant*, 2003 Mich. App. LEXIS 2762, at *2 (reaching the same result "in the interests of justice"); *see also Delta Airlines, Inc. v. August*, 450 U.S. 346, 354 (1981) (holding that the plain language of the federal version of Rule 68 exempts cases from its cost-shifting mandate where a judgment is entered in favor of the defendant).

{40}   What is clear is that the law in North Carolina regarding Rule 68 offers of judgment is far from settled.  As a result, I "cannot say that [AMEX's offer of judgment] was made for an improper purpose or that a reasonable inquiry into the issue of what offer is required to trigger an award of costs under Rule 68 at the time the offer was made would have shown that it was implausible."  *Warr*, 195 S.W.3d at 908 (affirming trial court's decision not to impose Rule 11 sanctions based on defendant's $1.00 offer of judgment).

{41}   Accordingly, the Court **DENIES** Burgess's Motion for Sanctions as to AMEX's offer of judgment.

2.

## AMEX'S NOTICE OF DESIGNATION

{42} As to Burgess's claim that AMEX's Notice of Designation violates Rule 11, my colleague Judge Ben Tennille overruled Burgess's objection to removal of this case to the North Carolina Business Court on 17 April 2007. In his order, Judge Tennille stated:

> The Complaint on its face raises issues involving Internet advertising. That issue falls squarely within the definition of N.C. Gen. Stat. § 7A-45.4(a)(6) which covers material issues related to the Internet and electronic commerce. It also involves issues that would have implications for use of the Internet by others, both consumers and advertisers, who are not parties to this lawsuit.

(Order, Apr. 17, 2007.)

{43} I agree, and also note that this case is particularly suited to management by a single judge given that Burgess originally sued twenty defendants.

{44} Accordingly, I find absolutely no merit in Burgess's request for Rule 11 sanctions based on AMEX's Notice of Designation.

## C.

## AMEX'S MOTION FOR SANCTIONS

{45} The Court reaches a different conclusion as to AMEX's Motion for Rule 11 Sanctions.

{46} As noted earlier, Rule 11 imposes on an attorney or party a duty of reasonable inquiry, both as to the facts and the law set out in the paper, and a separate obligation not to file papers for an improper purpose. A breach of the certification as to any one of these three prongs is a violation of the Rule. *Bryson v. Sullivan*, 330 N.C. 644, 655, 412 S.E.2d 327, 332 (1992).

{47} As to that portion of Burgess's Rule 11 Motion attacking AMEX's offer of judgment, I decline to enter sanctions.

{48} Burgess's filings in this case are prone to hyperbole, and this particular paper is no exception. For example, Burgess complains in his Motion that AMEX and his counsel filed the $1.00 offer of judgment "solely for purposes of extorting the

Plaintiff into a ridiculous settlement" (Pl.'s Mot. Sanctions 1), and that counsel for AMEX made the offer "in a perverted effort to impress his wealthy client and fatten his own pocket by using devious and illegal means" (Pl.'s Mot. Sanctions 2).

{49}   While a $1.00 offer of judgment does little to promote the purpose of Rule 68, the Court is hard-pressed to find anything perverse, devious, or illegal about it. Moreover, it is difficult to fathom how AMEX's offer of judgment could extort a settlement, given that, by the plain terms of Rule 68, Burgess was free to ignore it and prosecute his claim.

{50}   Nevertheless, because I do not believe that a $1.00 offer of judgment promotes the purpose of Rule 68, I do not fault Burgess for seeking sanctions on that basis.

{51}   I will, however, sanction Burgess for that portion of his Rule 11 Motion targeted at AMEX's Notice of Designation.

{52}   I find that Burgess undertook no reasonable inquiry as to the relevant facts on this issue.  In his Motion, Burgess argues that AMEX's "motivation behind the Removal to Business Court is to get the case in a Court in Charlotte where counsel for American Express resides and thereby prejudice the Plaintiff who will then have to travel to a location outside his home."  (Pl.'s Mot. Sanctions 2.)

{53}   But, had Burgess made any reasonable inquiry into the matter before filing his Motion, he would have discovered that the Court's policy is to hear all pretrial and trial proceedings in a mandatory complex business case in the county where the case originates unless the parties agree otherwise.[2]  *See* The NC Business Court Frequently Asked Questions, http://www.ncbusinesscourt.net/FAQ/ business_court_frequently_asked_.htm (last visited June 19, 2007) ("It has consistently been the policy of the [North Carolina Business] Court to try each case

---

[2] Because the Polk County courthouse is closed for renovations, the Court heard these matters in Henderson County pursuant to Rule 7(b)(4) of the North Carolina Rules of Civil Procedure, which provides that "[a] motion in a civil action filed with the superior court clerk of a county that is in a superior court district consisting of more than one county . . . may be heard in any county in that superior court district."

in the county in which it is filed unless there are other standard reasons for a change of venue.")

{54}  I also conclude that Burgess filed his Rule 11 Motion as to the Notice of Designation for an improper purpose.  As I have already discussed, on its face, the Notice of Designation satisfies the requirements of section 7A–45.4 of the North Carolina General Statutes for mandatory designation of complex business cases.  That same statute provides a remedy for a party who objects to designation of a case as mandatory complex business.  N.C. Gen. Stat. § 7A–45.4(e) (2005).

{55}  Here, Burgess pursued his remedy, but instead of waiting for a decision on his objection to the Notice of Designation, he filed a separate Rule 11 Motion on the same day.

{56}  I also note that AMEX's counsel twice asked Burgess to withdraw his Rule 11 motion, but Burgess refused to do so.  (Pl.'s Reply Mot. Sanctions Ex. C, D.)

{57}  Chief Judge Tennille overruled Burgess's objection to the Notice of Designation on 17 April 2007.  (*See* Order, Apr. 17, 2007.)  Burgess did not appeal that ruling to the Chief Justice of the North Carolina Supreme Court, as was his right.  *See* N.C. Gen. Stat. § 7A–45.4(e).  Yet, his Rule 11 Motion remains pending before this Court.  *Cf. McIvor*, 177 N.C. App. at 405, 628 S.E.2d at 824 (holding that employee did not show that an action commenced to enforce a non-compete agreement was filed for an improper purpose because the employer dismissed its claims within a reasonable time after the employee left his job with the competitor).

{58}  "An improper purpose [under Rule 11] is 'any purpose other than one to vindicate rights . . . or to put claims of right to a proper test.'"  *Brown v. Hurley*, 124 N.C. App. 377, 382, 477 S.E.2d 234, 238 (1996) (quoting *Mack*, 107 N.C. App. at 93, 418 S.E.2d at 689).

{59}  In this case, Burgess put AMEX's Notice of Designation to the proper test through the procedure set out in section 7A–45.4(e) of the North Carolina General Statutes.  Viewed objectively, however, I can conceive of no proper purpose to be served by Burgess's filing of a separate Rule 11 Motion on the same issue.  I find

instead that Burgess's purpose was to harass AMEX, unnecessarily delay these proceedings, and needlessly increase the cost of litigation.

{60} Accordingly, the Court will award AMEX sanctions. I direct AMEX to file an affidavit of its reasonable fees and expenses incurred in responding to that part of Burgess's Motion related to the Notice of Designation. AMEX shall file its affidavit within ten (10) days of the entry of this Order. Burgess shall have ten (10) days from the date of service to file a response. Any reply by AMEX shall be filed within five (5) days of the service of Burgess's response.

{61} Finally, I recognize that Burgess appears in this case *pro se*. Rule 11, however, "does not exempt *pro se* litigants from its operation; a *pro se* litigant has the same duties under [the Rule] as an attorney." *In re Weiss*, 111 F.3d 1159, 1171 (4th Cir. 1997) (applying federal bankruptcy version of Rule 11).

{62} The Court will, however, consider Burgess's *pro se* status in fashioning an appropriate sanction in this case. *See Blue v. U.S. Dep't of Army*, 914 F.2d 525, 546 (4th Cir. 1990) (stating that trial court may "reflect upon equitable considerations in determining the amount of the sanction").

III.

CONCLUSION

{63} For the reasons stated above, the Court **DENIES** Burgess's Motion for Sanctions and **GRANTS** AMEX's Motion for Sanctions.

**SO ORDERED**, this the 29th day of June, 2007.