**In the Matter of Alvin BIERMAN,**
**Bankrupt.**
**No. 43852.**

United States District Court
S. D. Ohio, W. D.
Feb. 24, 1967.

Milton E. Burchett, Cincinnati, Ohio, trustee.

Joseph F. Weinle, Cincinnati, Ohio, for Franklin Credit Co.

Richard Nurre, Cincinnati, Ohio, for St. Mary Margaret Parish.

Robert S. Kraft, Cincinnati, Ohio, for Alvin Bierman, Bankrupt.

## MEMORANDUM OPINION

PORTER, District Judge.

This is an appeal from the decision of the Referee in Bankruptcy avoiding a lien of the Franklin Credit Company (hereinafter referred to as Franklin) on the bankrupt's house trailer. The only other creditor involved in this case is the Saint Margaret Mary Credit Union (hereinafter referred to as the Credit Union). At all times involved, the bankrupt was a minor. The facts are not in dispute.

The first transaction in question was a loan of money to the bankrupt by the Credit Union, a portion of which was used to purchase a house trailer, which is the object in dispute. The Credit Union received a chattel mortgage from the bankrupt but failed to record it.

Next, the bankrupt borrowed money from Franklin, and gave as security a mortgage on the house trailer, which mortgage was recorded by Franklin pursuant to § 4505.04, Ohio Rev.Code. On November 9, 1965, the minor filed a petition in bankruptcy listing the above two creditors, and listing as an asset the house trailer.

The Referee found that the value of the trailer was $1,500 and there was an offer to purchase for $1,250. The Trustee in Bankruptcy filed an application to avoid the lien of Franklin, pursuant to § 70(c) of the Bankruptcy Act. This section gives the Trustee power to make use of any defense the bankrupt has. The Trustee supported this application to avoid Franklin's lien by declaring that the minor bankrupt disaffirmed the security contract with Franklin. The Referee found that the disaffirmance was proper, and that the minor was under no obligation to tender back to Franklin any property or proceeds received from them as restitution.

Franklin disagrees as to the Referee's application of the defense of infancy. Franklin states that, since it has a recorded mortgage on the house trailer, it is entitled to a preference over the Credit Union. The Trustee's position is that, while a minor is required, under Ohio law, to return the consideration that passed to him via his contract with another before he can disaffirm, the consideration passing in the contract between the minor and Franklin was money only, and this money is gone; therefore, the minor is entitled to disaffirm without returning the consideration, and, in any case, the house trailer is not consideration in the hands of the minor.

We agree. It is true that "where an infant purchases a chattel, and, at the same time in the performance of the contract of purchase, executes to the vendor a mortgage on the purchased chattel to secure the payment of the purchase money, he cannot, on the ground of infancy, avoid the mortgage without also avoiding the purchase * * *." (i. e., without returning the item purchased, if he has it). Curtiss v. McDougal, 26 Ohio St. 66 (1875). This proposition, however, refers specifically to a purchase-money mortgage contract. The general rule is stated in 27 Am.Jur. 45, Infants:

"One is not entitled to retain an advantage from a transaction which he repudiates on the ground of his infancy at the time he entered into the transaction. If at the time he seeks to avoid the transaction, he has in his

possession the *specific consideration* which came to him or any part of it, according to nearly all authorities he must return or restore it as a prerequisite to voiding the transaction, and recovering what he has parted with. He must restore any of the fruits of the transaction *which remain in his hands.*" (Emphasis added.)

■ Some jurisdictions have broadened this rule to require the infant to return either the property which remains in his hands *in specie* or any other property which the specific property was exchanged for. Johnson v. Northwestern Mut. Life Ins. Co., 56 Minn. 365, 57 N.W. 934, 59 N.W. 992, 26 L.R.A. 187 (1894); Whitman v. Allen, 123 Me. 1, 121 A. 160, 36 A.L.R. 776 (1923). However, Ohio follows the prevailing view that the minor must return the money only where he still has the specific consideration received:

" * * * where an infant disaffirms his executed contract, after arriving at age, and seeks a recovery of the consideration moving from him, and where the specific consideration received by him remains in his hands, *in specie* at the time of the disaffirmance, and is capable of return, it must be returned by him; but if he has, during infancy, wasted, sold, or otherwise disposed of, *or ceased to possess the consideration,* and has none of it in his hands in kind on arriving at majority, he is not liable therefor, and may disaffirm without tendering or accounting for such consideration." Lemmon v. Beeman, 45 Ohio St. 505, 510, 15 N.E. 476, 478 (1888), in which the foregoing from Ewell, Leading Cases on Infancy and Coverture, is quoted with approval by the Court.

The Ohio court in *Lemmon* went on to state that a minor cannot disaffirm the security he has given for the "purchase-money" without also avoiding the purchase, that is, he must restore to the other party the consideration he received *in specie,* if that consideration is still in his hands, before he can disaffirm and avoid the security given.

It is clear that the Credit Union cannot claim any security in the bankrupt's trailer, and it does not do so. However, the transaction between the minor and Franklin bears closer scrutiny, for Franklin claims an interest in the trailer as a secured creditor. When the bankrupt borrowed money from Franklin, he gave as security a mortgage on his house trailer, which he owned in full. The consideration passing to the bankrupt was *money,* and the consideration passing to Franklin was the bankrupt's note and the chattel mortgage. For the purpose of determining whether or not the bankrupt can disaffirm without returning the house trailer to Franklin, it is only pertinent to look to the *consideration passing to the bankrupt.*

■ This consideration was in the form of money, and it is obvious that this consideration no longer remains in the hands of the bankrupt, *in specie* or otherwise, since his only asset appears to be the house trailer. From this it follows that the minor bankrupt can disaffirm the contract with Franklin, and avoid Franklin's lien on the house trailer without returning to Franklin the house trailer.

A word must be said as to Franklin's claim that it has the superior equity as a secured creditor, and that the bankrupt can use the defense of infancy "as a shield, but not a sword." It is true that the minor has chosen to disaffirm his security contract with Franklin, and has not disaffirmed any contract with the Credit Union. But it must also be remembered that the money borrowed from the Credit Union was used, in part, to purchase the trailer, and to that extent the Credit Union has a superior equity in the trailer to that of Franklin. We feel the result most just is one which gives due weight to the claims of both creditors, and this result was reached by the Referee.

Affirmed.