DOVIE BASS, LOVIE TRICE, AND JANE NICHOLS, PLAINTIFFS v. R. MARIE SIDES, DEFENDANT

No. COA94-808

(Filed 17 October 1995)

**Pleadings § 63 (NCI4th)— removal of sealed records from clerk's office—imposition of sanctions against attorneys proper**

The trial court did not err in imposing sanctions on plaintiffs' attorneys because they violated the "improper purpose" prong of Rule 11(a) by signing a subpoena to a hospital to obtain confidential medical records of a nonparty and by signing a receipt to remove the sealed medical records from the clerk of court's office without the court's permission. N.C.G.S. § 1A-1, Rule 11(a).

**Am Jur 2d, Pleading § 339.**

**Comment Note—General principles regarding imposition of sanctions under Rule 11, Federal Rules of Civil Procedure. 95 ALR Fed. 107.**

**Procedural requirements for imposition of sanctions under Rule 11, Federal Rules of Civil Procedure. 100 ALR Fed. 556.**

Appeal by plaintiffs' attorneys from order entered 21 March 1994 by Judge Anthony M. Brannon in Durham County Superior Court. Heard in the Court of Appeals 19 April 1995.

*Constantinou Law Group, P.A., by John M. Constantinou and Fred Moutos, for plaintiff appellants.*

*Martin & Martin, P.A., by J. Matthew Martin, for defendant appellee.*

COZORT, Judge.

This case originated from defendant's contract with plaintiffs to provide nursing services for defendant's brother. Plaintiffs contend that defendant breached the contract and that she demanded services beyond normal nursing duties. In connection with this action, counsel for plaintiffs, John M. Constantinou, signed and issued subpoenas to North Carolina Memorial Hospital and Duke University Medical Center to obtain medical records of defendant's brother who was deceased.

Both hospitals delivered copies of defendant's brother's medical records to the Clerk of Superior Court in Durham County. These records were delivered under seal and marked to be opened by the presiding judge. Two employees of the Constantinou Law Group, attorney Fred Moutos and Catherine Constantinou, removed the records from the clerk's office and delivered them to the offices of the Constantinou Law Group. Mr. Moutos signed a receipt for the records. An employee of the Clerk of Court's office stated in an affidavit that she released the records to Mr. Moutos on the assumption that a judge had granted permission for their transfer. The record reflects that no judge ever granted permission for the records to be removed from the clerk's office. The plaintiffs viewed the records and employees of the firm made copies of selected portions. Because the records were not kept under seal, anyone having access to Mr. Constantinou's office could view the records.

John Stevenson, a reporter for the *Durham Herald Sun*, visited the offices of the Constantinou Law Group on more than one occasion and discussed the plaintiffs' lawsuit with Mr. Constantinou. An unidentified person gave Mr. Stevenson confidential portions of the medical records which Stevenson used in a *Durham Herald Sun* article published on 12 April 1993. Following a conversation with the Clerk of Court, Judge J. Milton Read, Jr., ordered plaintiffs' counsel to return the records to the court. Mr. Constantinou and Mr. Moutos returned the original records; however, they kept copies of selected portions in their office.

On 20 October 1993, defendant made a motion for sanctions pursuant to Rule 11 of the North Carolina Rules of Civil Procedure. Mr. Stevenson received a subpoena to testify at this proceeding. Judge Brannon conducted a hearing on Mr. Stevenson's motion to quash his subpoena and defendant's motion for Rule 11 sanctions against plaintiffs' attorneys on 22-23 November 1993. The trial court did not

require Mr. Stevenson to divulge the source of the records, and every witness who testified at the hearing denied having provided the records to Mr. Stevenson. Mr. Stevenson's motion to quash is not a part of this appeal.

In regard to the Rule 11 motion, the trial court made the following conclusions of law:

1. The signing and issuance of the Subpoena *Duces Tecum* to University of North Carolina Memorial Hospital by John Constantinou to obtain confidential, privileged personal hospital records of a non-party was improper, was done for an improper purpose and constitutes a violation of Rule 11 and Rule 45 of the North Carolina Rules of Civil Procedure.

2. Fred Moutos violated Rule 11 and Rule 45 of the North Carolina Rules of Civil Procedure by signing a receipt to remove the medical records from the Clerk of Court's Office, by removing the records without the Court's permission and by opening the sealed packages containing the records.

3. The disclosure, copying and failure to return the copies of the medical records was improper.

4. The imposition of sanctions is appropriate.

On 21 March 1994, the trial court ordered attorneys Constantinou and Moutos to pay defendant's attorney fees in the amount of $6,821.59. The order also prohibited the use of the records in the civil action. Plaintiffs' attorneys appeal from the order imposing sanctions.

Whether a paper was filed for an improper purpose must be reviewed under an objective standard. *Bryson v. Sullivan*, 330 N.C. 644, 663, 412 S.E.2d 327, 337 (1992). The standard of review for the imposition of Rule 11 sanctions is *de novo*. *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989), *disc. review denied*, 329 N.C. 505, 407 S.E.2d 552 (1991). The appellate court must make the following determinations on review: (1) whether the trial court's conclusions of law support its judgment or determination; (2) whether the trial court's conclusions of law are supported by its findings of fact; and (3) whether the findings of fact are supported by a sufficiency of the evidence. *Id.*

The trial court imposed sanctions on attorneys Constantinou and Moutos because it found that they violated the "improper purpose" prong of Rule 11. Rule 11(a) provides that an attorney's signature on

a paper signifies that the paper "is not interposed for any improper purpose." N.C. Gen. Stat. § 1A-1, Rule 11(a) (1990). The relevant inquiry is whether the existence of an improper purpose may be inferred from the alleged offender's objective behavior. *Mack v. Moore*, 107 N.C. App. 87, 93, 418 S.E.2d 685, 689 (1992). There must be a strong inference of improper purpose to support imposition of sanctions. *Id.* at 93-94, 418 S.E.2d at 689.

Attorneys Constantinou and Moutos have argued five assignments of error, all alleging the trial court abused its discretion by imposing sanctions. The first three assignments of error relate to the trial court's findings of fact. The attorneys contend the trial court erred by considering evidence not formally presented at the sanctions hearing. We have conducted a *de novo* review of this hearing, as prescribed by *Turner v. Duke University*, 325 N.C. 152, 381 S.E.2d 706, and we find no reversible error. Any extraneous evidence referred to by the trial court was, at most, *de minimus*. The evidence from the hearing is overwhelmingly in support of sanctions.

In their fourth assignment of error, attorneys Moutos and Constantinou contend the trial court erred by failing to find the attorneys' actions were in good faith. Our *de novo* review of the record leads us to a contrary conclusion: the evidence overwhelmingly supports the trial court's finding that the attorneys' actions were improper and the trial court's conclusion of law that the imposition of sanctions was appropriate.

In their fifth assignment of error, attorneys Constantinou and Moutos contend the trial court made personal comments during the hearing and that the comments were such as to deprive them of a fair and impartial hearing. We disagree. Our review of the record shows that the trial court did make some comments on some of the testimony at the hearing. Reviewing these comments in light of the entire hearing and record leads us to the conclusion that the trial court was likely motivated by two sentiments: (1) an attempt at humor in a very difficult situation, and (2) frustration at what appear to be less than forthcoming answers, especially from attorneys Moutos and Constantinou, in the course of the hearing. Reviewing the entire record *de novo*, we are unpersuaded that the court's comments had any effect on the fairness of the hearing. We also note that attorneys Constantinou and Moutos were offered an opportunity to present evidence at the sanctions hearing and declined to do so.

The sanctions imposed by the trial court are affirmed, and a copy of the complete record in this case shall be forwarded to the North Carolina State Bar for further proceedings, under Article IX of the Rules of the State Bar, as deemed appropriate by that body.

Affirmed.

Judges JOHNSON and McGEE concur.