Ekren v. K&E Real Estate Invs., 2014 NCBC 56.

STATE OF NORTH CAROLINA

IREDELL COUNTY

LAVONNE R. EKREN,

        Plaintiff,

v.

K&E REAL ESTATE INVESTMENTS,
LLC, and PAUL A. KONRADY,
Individually,

        Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
12 CVS 508

**ORDER AND OPINION ON
PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES**

        **THIS MATTER** is before the Court upon Plaintiff Lavonne R. Ekren's
("Plaintiff") Motion for Attorneys' Fees in the above-captioned case (the "Motion").
After considering the Motion, briefs in support of and in opposition to the Motion, and
the arguments of counsel at the hearing held on July 28, 2014, the Court **GRANTS in
part** and **DENIES in part** the Motion and awards Plaintiff $33,704.50 in attorneys'
fees and expenses to be paid by Defendant K&E Real Estate Investments, LLC (the
"LLC").

> *Eisele, Ashburn, Green & Chapman, P.A. by Douglas G. Eisele for Plaintiff
> Lavonne R. Ekren.*
>
> *Knox, Brotherton, Knox & Godfrey by Lisa G. Godfrey for Defendant Paul A.
> Konrady.*

Bledsoe, Judge.

I.

PROCEDURAL HISTORY AND FACTUAL BACKGROUND

{1}    Plaintiff filed her Verified Complaint in Iredell County on February 29,
2012, alleging claims individually and derivatively on behalf of the LLC against
Defendant Paul A. Konrady ("Konrady").

{2}    In the Complaint, Plaintiff petitioned the Court for judicial dissolution of
the LLC and sought to compel Defendant Konrady to return $20,000.00 and title to

four real estate parcels he had unilaterally transferred from the LLC to himself in June 2011.

{3}    Defendant Konrady filed an Answer denying liability and asserted counterclaims for breach of fiduciary duty and judicial dissolution. In his pleading, Defendant Konrady admitted that he transferred the properties and funds from the LLC to himself but contended that he acted "in the best interest of and for the benefit of [Plaintiff] who because of mental infirmity pursued a course of conduct that was not in her best interests or for her benefit with regard to the properties held by the [LLC]." (Def.'s Answer to Compl.; Second Aff. Def.)  He further contended that he had previously provided Plaintiff "a full and complete accounting of all transactions involving the [LLC]," (*Id.*; Third Aff. Def.), and admitted that he had sent a letter to Plaintiff at the time he transferred the property and funds stating he would "hold these properties in trust for the benefit of the company." (*Id.* at ¶ 11.)

{4}    This case was designated a mandatory complex business case on March 27, 2012 and assigned to this Court (Murphy, J.) on March 30, 2012. Plaintiff unsuccessfully opposed designation, both before Chief Business Court Judge John Jolly, and after denial, on appeal to the Supreme Court.  The case was subsequently assigned to the undersigned on July 2, 2014.

{5}    On July 6, 2012, Plaintiff filed a Motion for Appointment of Receiver (the "Motion for Receiver").  Defendant Konrady did not oppose the appointment of a Receiver, and the Court appointed attorney Martin G. Hunter ("Hunter") as Receiver on August 8, 2012 to "collect the assets of [the LLC], take charge of the day-to-day administration of [the LLC], including the payment of debts and making ordinary business decisions, and effectuate the orderly dissolution of [the LLC]."  (August 8, 2012 Order, ¶ 5(c)).

{6}    Defendant Konrady's counsel advised at the hearing that on October 29, 2012, Defendant Konrady voluntarily transferred title to the four properties back to the LLC.  Defendant Konrady, however, did not return at that time the $20,000 he admitted he had transferred from the LLC to his own bank account.

{7} As a result, on February 5, 2013, Plaintiff filed a Motion to Compel Receiver to Recover Assets (the "Motion to Compel"), seeking an order compelling the Receiver to take proper legal action to recover the $20,000 Defendant Konrady had removed from the LLC's account. Defendant Konrady opposed the Motion to Compel, contending that the Receiver had no authority to sue Defendant Konrady because he was a party to the litigation, and if such authority did exist, requesting that the Court order the Receiver to pursue legal action against Plaintiff for damage to the LLC. There is no record of Court action on the Motion to Compel.

{8} Thereafter, on November 20, 2013, the Court held a case management conference with the parties and calendared the matter for trial to begin on March 24, 2014. The Court's pretrial order required the submission of trial briefs, jury instructions and legal issues on March 4, 2014.

{9} The parties made timely trial submissions as required. At the same time, Defendant Konrady filed a Motion to Dismiss for lack of subject matter jurisdiction under N.C. R. Civ. P. 12(b)(1). In his motion and supporting brief, Defendant Konrady acknowledged that he "utilized Company funds to the extent of $20,000 to pay legal fees," although he asserted that he "never intended to personally benefit from the monies withdrawn from the Company." (Plaintiff's Trial Brief, p. 5) He further advised that he was that same day – March 4, 2014 – depositing $20,000 in his counsel's trust account for delivery to the Receiver for the benefit of the LLC. *Id.*

{10} As a result of this transfer, Defendant Konrady contended that Plaintiff had achieved all her requested relief and that a case or controversy no longer existed sufficient to provide the Court jurisdiction over the matter. The Court agreed that Plaintiff's claims were moot and dismissed Plaintiff's claims on March 24, 2014.[1] *Ekren v. K & E Real Estate Invs., Inc.*, No. 12 CVS 508 (N.C. Super. Ct. Mar. 24, 2014) (dismissing Plaintiff's claims for lack of subject matter jurisdiction). That same

---

[1] Defendant Konrady dismissed his counterclaims on March 25, 2014 without prejudice.

day, Plaintiff filed the current Motion, seeking reasonable attorneys' fees and expenses incurred in this litigation pursuant to N.C.G.S. § 57D-8-05(1) and (3).[2]

{11} The Motion is now ripe for determination.

II.

ANALYSIS

{12} Because this matter was filed prior to January 1, 2014, the Court has the option of deciding this Motion under the "old LLC Act" – Chapter 57C – or the "new LLC Act" – Chapter 57D. *See* N.C.G.S. § 57D-11-03 (2014) ("any proceeding commenced before January 1, 2014 *may* be completed in accordance with the law then in effect.") (emphasis added). Both parties contend that the Court should apply Chapter 57D to this Motion, and the Court, in the exercise of its discretion, agrees.

A.

Attorneys' Fees under N.C.G.S. § 57D-8-05(1)

{13} Under N.C.G.S. § 57D-8-05(1) of the new LLC Act, the Court may "[o]rder the LLC to pay [Plaintiff's] expenses, including attorneys' fees, incurred in the proceeding if it finds that the proceeding has resulted in a substantial benefit to the LLC." N.C.G.S. § 57D-8-05(1) (2014). The statute is substantially identical to the corresponding provision of the North Carolina Business Corporation Act. *See* N.C.G.S. § 55-7-46 (permitting court to "order the corporation to pay the plaintiff's reasonable expenses, including attorneys' fees, incurred in the proceeding if it finds that the proceeding has resulted in a substantial benefit to the corporation").

{14} Although the North Carolina courts have not yet interpreted the term "substantial benefit" for purposes of § N.C.G.S. 57D-8-05(1), the North Carolina appellate courts have concluded that for a plaintiff to confer a "substantial benefit" on the corporation under N.C.G.S. § 55-7-46, the plaintiff "need not necessarily be the prevailing party, nor must the derivative claim have proceeded to a final judgment or order." *Aubin v. Susi*, 149 N.C. App. 320, 326, 560 S.E.2d 875, 880 (2002); *see also*

---

[2] Plaintiff initially requested $51,878.75 in attorneys' fees and $1,199.50 in expenses for a total award of $53,078.25. By affidavit submitted on July 25, 2014, Plaintiff increased his request for attorneys' fees by $2,475.00 for nine (9) hours spent representing Plaintiff in this matter since filing the Motion.

*Lowder v. All Star Mills, Inc.*, 82 N.C. App. 470, 474, 346 S.E.2d 695, 697 (1986) (order entered under prior law); Russell M. Robinson, II, ROBINSON ON NORTH CAROLINA CORPORATION LAW § 17.10 (2002).

{15}  In addition, the Court notes that N.C.G.S. § 57D-8-05(1) is substantially similar to § 7.46(1) of the Model Business Corporations Act. *See* MODEL BUS. CORP. ACT. § 7.46(1) ("On termination of the derivative proceeding the court may . . . order the corporation to pay the plaintiff's expenses incurred in the proceeding if it finds that the proceeding has resulted in a substantial benefit to the corporation."). The official comment to § 7.46(1) provides that this section "is intended to be a codification of existing case law" and cites to *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970).

{16}  In *Mills*, the United States Supreme Court held

> [w]here an action by a stockholder results in a substantial benefit to a corporation he should recover his costs and expenses. . . . [A] substantial benefit must be something more than technical in its consequence and be one that accomplishes a result which corrects or prevents an abuse which would be prejudicial to the rights and interests of the corporation or affect the enjoyment or protection of an essential right to the stockholder's interest.

*Id.* at 396 (quoting *Bosch v. Meeker Cooperative Light & Power Assn.*, 101 N.W.2d 423, 426–27 (Minn. 1960)).

{17}  Plaintiff argues here that "the estimated net value to K&E resulting from [this action] is $348,526.74 . . . and is comprised of the current estimated net value of the four properties re-conveyed by the Defendant to the Receiver, plus the $20,000.00 in cash returned by the Defendant to the Receiver." (Pl.'s Mot., p. 10.) In contrast, Defendant Konrady argues he removed the real estate and funds from the LLC "to preserve and protect the assets of the Company" in light of Plaintiff's alleged "irrational and pathological behavior which appeared to be the product of a degenerative disease." (Def.'s Resp. Mot., p. 5.) Defendant Konrady contends he returned the properties and funds once a receiver was appointed and that he only held the assets "in trust" for the LLC. (*Id.*) Further, Defendant Konrady posits that the LLC is actually in a worse position from Plaintiff's lawsuit because the LLC had to "pay a third-party receiver to do what [Defendant Konrady] himself intended to do

all along." (*Id.* at p. 6.) As a result, Defendant Konrady contends Plaintiff's action has not achieved a "substantial benefit" to the LLC.

{18} The Court finds Defendant Konrady's contentions unpersuasive. It is undisputed that in June 2011 Defendant Konrady transferred to himself title to four real estate parcels owned by the LLC and $20,000 from the LLC's bank account. It was not until Plaintiff filed this action and successfully obtained the appointment of a receiver that Defendant Konrady transferred title to the four parcels back to the LLC. And it was not until three weeks before this matter was scheduled to go to trial that Defendant Konrady finally repaid to the LLC the funds he had removed. All of the evidence brought forward by the parties shows that the catalyst for the return of the LLC's assets was the filing and prosecution of Plaintiff's lawsuit. Although Defendant Konrady contends he was going to return the LLC's assets, he did not do so after Plaintiff's pre-suit demand, and he did not take any action prior to Plaintiff's suit to have a receiver or trustee appointed to receive the LLC's assets he claimed he held in trust. Even if he planned to return the assets to the LLC, the fact that he returned them when he did – and thus the timing of relief to the LLC – was because of the litigation.

{19} Based on these facts, the Court concludes that Plaintiff's proceeding resulted in a substantial benefit to the LLC. Therefore, Plaintiff is entitled to have the LLC pay her reasonable attorneys' fees under N.C.G.S. § 57D-8-05(1).

B.

Attorneys' Fees under N.C.G.S. § 57D-8-05(3)

{20} N.C.G.S. § 57D-8-05(3) allows the Court to

> [o]rder a party to pay an opposing party's expenses, including attorneys' fees, incurred as a result of the filing of a pleading, motion, or other paper, if the court after inquiry finds that the pleading, motion, or other paper was not well grounded in fact or was not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law and that it was interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

N.C.G.S. § 57D-8-05(3) (2014). This statute, which is substantially similar to § 7.46(3) of the Model Business Corporation Act,[3] sets out a standard similar to the standard for sanctions under Rule 11 of the North Carolina Rules of Civil Procedure. *See* Official Comment to MODEL BUS. CORP. ACT § 7.46(3) (noting § 7.46(3) generally follows Federal Rule of Civil Procedure 11 ("FRCP 11") and is unnecessary "in states which already have a counterpart to [FRCP] 11.").

{21} Plaintiff asserts Defendant Konrady is liable for her attorneys' fees under § 57D-8-05(3) because (1) Defendant Konrady's denials of Plaintiff's contentions regarding her right to assert a derivative claim were not well grounded in fact, (2) there was no evidence to support Defendant Konrady's contentions that Plaintiff suffered from a mental infirmity, or took "increasingly bizarre, irrational and irresponsible actions," or otherwise acted contrary to the LLC's best interests, (3) Defendant Konrady could have avoided this litigation by returning the LLC's assets before Plaintiff filed the Complaint, and (4) Defendant Konrady's dismissal of his counterclaim for breach of fiduciary duty evidenced that it was not well grounded in fact and brought for an improper purpose. (Pl.'s Br. Supp. Mot., p. 13–15.)

{22} Defendant Konrady counters by asserting that (1) his denials concerning Plaintiff's derivative claims were proper because they related to Plaintiff's contentions of law, (2) he presented credible affidavit testimony to support his factual allegations, (3) Plaintiff unnecessarily initiated the legal expense associated with this litigation, and (4) Plaintiff has not proved that the allegations in Defendant Konrady's counterclaims were not well grounded in fact. (Def.'s Resp. Mot., p. 7–8.)

{23} Under the plain language of the statute, Defendant Konrady's liability, if any, for Plaintiff's attorneys' fees under § 57D-8-05(3) must result from his filing of a "pleading, motion, or other paper," and, in contrast to Rule 11, the Court must find

---

[3] *See* MODEL BUS. CORP. ACT. § 7.46(3) ("On termination of the derivative proceeding the court may . . . order a party to pay an opposing party's expenses incurred because of the filing of a pleading, motion or other paper, if it finds that the pleading, motion or other paper was not well grounded in fact, after reasonable inquiry, or warranted by existing law or a good faith argument for the extension, modification or reversal of existing law and was interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.").

that Defendant Konrady filed the document for an "improper purpose" *in addition* to finding that same document "was not well grounded in fact or was not warranted by existing law." N.C.G.S. § 57D-8-05(3) (emphasis added); *compare, e.g., In re Thompson*, 754 S.E.2d 168, 173 (N.C. Ct. App. 2014) ("An analysis . . . under [N.C. R. Civ. P] Rule 11 consists of a three-pronged analysis: '(1) factual sufficiency, (2) legal sufficiency, and (3) improper purpose.' A violation of *any* of these prongs requires the imposition of sanctions.") (Emphasis added).

{24} Based on its review of the record in this case, the Court finds that Defendant Konrady's denial of Plaintiff's specific derivative claim contentions was within the bounds of proper advocacy and therefore insufficient in these circumstances to trigger an award under § 57D-8-05(3). Similarly, Defendant Konrady's dismissal of his counterclaim, standing alone, is not an admission that the counterclaim was not well-grounded in fact. Likewise, while the conclusions Defendant Konrady draws about Plaintiff's mental capacity from the observations related in his proffered affidavits are subject to debate – indeed, Plaintiff has brought forward persuasive evidence from Plaintiff's physician to rebut Defendant Konrady's conclusions — there is no evidence that Defendant Konrady fabricated the observations in the affidavits or drew conclusions that he knew had no basis in fact.

{25} More problematic, however, is Defendant Konrady's denial of liability in his Answer. Indeed, at the hearing on this Motion, Defendant Konrady's counsel admitted that Defendant Konrady's actions in transferring the LLC's assets to himself was not consistent with North Carolina law and thus that Defendant Konrady's legal defenses set forth in the Answer were not warranted by existing law. As a result, the Court must determine whether Defendant Konrady advanced the legally insufficient defenses for an improper purpose.

{26} "An improper purpose is 'any purpose other than one to vindicate rights . . . or to put claims of right to a proper test.'" *Coventry Woods Neighborhood Ass'n v. City of Charlotte*, 213 N.C. App. 236, 241, 713 S.E.2d 162, 166 (2011). The Court must consider Defendant Konrady's objective behavior in determining whether his Answer was interposed for an improper purpose. *Id.* ("'[T]he relevant inquiry is

whether the existence of an improper purpose may be inferred from the alleged offender's objective behavior.'"); *In re Thompson*, 754 S.E.2d at 173. Although "[a] signer's purpose is heavily influenced by 'whether or not a pleading has a foundation in fact or is well grounded in law,'" the Court must assess Defendant Konrady's behavior in view of the totality of the circumstances. *Id.*; *Coventry Woods*, 213 N.C. App. at 241, 713 S.E.2d at 166. The Court must find a "strong inference of improper purpose to support imposition of sanctions." *Bass v. Sides*, 120 N.C. App. 485, 488, 462 S.E.2d 838, 840 (1995). Plaintiff's "subjective belief that a paper has been filed for an improper purpose is immaterial." *Kohler Co. v. McIvor*, 177 N.C. App. 396, 404–05, 628 S.E.2d 817, 824 (2006); *Mack v. Moore*, 107 N.C. App. 87, 93, 418 S.E.2d 685, 689 (1992).

{27} Although the Court does not condone or excuse Defendant Konrady's assertion of defenses that are not well-grounded in law, Defendant Konrady's explanation for his defense here – an improper denial of liability while at the same time taking measures to protect and then return to the LLC the transferred assets after joining in Plaintiff's request for the appointment of a receiver and dissolution of the LLC – has persuaded the Court that Defendant Konrady's purpose was not to advance his interests at the expense of the LLC and Plaintiff but instead to "put [his and Plaintiff's] claims of right to a proper test.'" *Coventry Woods Neighborhood Ass'n*, 213 N.C. App. at 241, 713 S.E.2d at 166.

{28} Accordingly, based on the totality of the objective circumstances present here, the Court does not find a strong inference that Defendant Konrady's Answer, including the three legally insufficient defenses, was filed for an improper purpose. *Compare, e.g., Kohler Co.*, 177 N.C. App. at 405, 628 S.E.2d at 824 (no improper purpose where plaintiff dismissed complaint for breach of non-competition agreement after defendant resigned from employment with competitor) *and Brooks v. Giesey*, 334 N.C. 303, 319–20, 432 S.E.2d 339, 348 (1993) (no improper purpose even though brief contained only conclusory and nonfactual statements) *with Ward v. Jett Props.*, 191 N.C. App. 605, 609, 663 S.E.2d 862, 865 (2008) (strong inference of improper purpose where plaintiff suffered no actual harm in the present case and had filed

forty-two actions in the last six years).  The Court cautions, however, that its ruling is based on the specific circumstances of this case and is not in any way intended to suggest a general rule that a party may assert claims or defenses that are not well-grounded in law without consequence under N.C.G.S. § 57D-8-05(3).

{29}   Based on the foregoing, the Court concludes that Plaintiff is not entitled to an award of attorneys' fees under N.C.G.S. § 57D-8-05(3).

C.

Reasonableness of Plaintiff's Requested Expenses and Attorneys' Fees

{30}   Having concluded that Plaintiff is entitled to an award of her expenses under N.C.G.S. § 57D-8-05(1), including reasonable attorneys' fees, the Court will now examine the reasonableness of Plaintiff's request.  Plaintiff has submitted affidavits in support of her request to assist the Court in determining the amount of a reasonable award in this case.

{31}   Any award of attorneys' fees must include findings concerning "(1) time and labor expended on the case; (2) complexity of the issues; (3) the length and complexity of [the case]; (4) each attorneys' experience and ability; (5) the skill required to perform the necessary service; (6) the attorneys' hourly rates; and (7) comparable rates or fees for similar work."  *Out of the Box Devs., LLC v. Logicbit Corp.*, 2014 NCBC 39 ¶ 51 (N.C. Super. Ct. Aug. 29, 2014), www.ncbusinesscourt.net/opinions/ 2014_NCBC_39.pdf (awarding limited attorneys' fees) (citing *McKinnon v. CV Indus., Inc.*, 745 S.E.2d 343, 351 (N.C. Ct. App. 2013)).

{32}   "'The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Logicbit*, 2014 NCBC 39 at ¶ 52.  This lodestar method requires exclusion of hours not "reasonably expended," including "'hours that are excessive, redundant, or otherwise unnecessary.'" *Id.*

{33}   Plaintiff seeks payment for 197.65 hours that she contends Plaintiff's counsel has reasonably expended on this litigation.  The Court notes that Plaintiff's counsel has aggregated all of his time entries for a given day without providing the hours expended for each separate task (i.e., "block billing").  The Court therefore will

estimate the hours expended for each separate task in the reasonable exercise of the Court's discretion. *See Jaramillo v. Cnty. of Orange*, 200 Cal.App.4th 811, 830 (Cal. Ct. App. 2011) ("[B]lock billing is not objectionable 'per se,' though it may increase the risk that the trial court, in reasonable exercise of its discretion, will discount a fee request."); *see also Dixon v. Astrue*, 2008 U.S. Dist. LEXIS 9903, *11 (E.D.N.C., Feb. 8, 2008) ("Time sheets accompanying both motions fail to itemize time entries by task, but instead lump multiple tasks together . . . [t]his block billing precludes the court from determining that all of the amounts claimed . . . are both compensable and reasonable.").

{34} The Court has set forth below a summary of the hours Plaintiff claims for each billing period and notes any hours that the Court, after a careful review, finds were "excessive, redundant or otherwise unnecessary." *Logicbit*, 2014 NCBC 39 at ¶ 52.

a. 10/05/11 – 11/3/11      8.75 hours
   i. The Court excludes all 8.75 hours because the time entries pre-date the filing of the Complaint by several months and reflect considerations unrelated to the claims or specific relief sought in the Complaint.

b. 11/08/11 – 1/20/12      5.25 hours
   i. The Court excludes all of these hours for the same reasons stated above.

c. 2/6/12 – 2/28/12      7.50 hours
   i. The Court excludes .2 hours for the entry referencing "re-draft of letter re luncheon" because it appears to be unrelated to this litigation.

d. 4/13/12 – 6/4/12      23.58 hours
   i. The Court excludes as excessive (i) 2.5 hours of a possible 7.33 hours of telephone conferences between Plaintiff and Plaintiff's counsel and (ii) 4.0 hours of a possible 6.0 hours for the

preparation of a motion to extend the time for the initial case management conference.

e. 6/5/12 – 8/15/12      20.66 hours

    i. The Court excludes as excessive 5.5 hours for a possible 15.16 hours relating to the preparation of a motion to appoint receiver and the selection of a receiver.

f. 8/27/12 – 10/24/12      13.33 hours

    i. The Court excludes 2.75 hours expended in connection with the potential sale of the subject properties rather than their return to the LLC as unnecessary to the object of the litigation.

g. 11/13/12 – 2/4/13      7.50 hours

    i. The Court excludes 1.0 hours for research into the law concerning attorney fees, *see Logichit*, 2014 NCBC 39 at ¶ 66, and 1.5 hours of the entry for 5.5 hours on 2/4/13 as excessive.

h. 2/15/13 – 3/26/13      7.25 hours

    i. The Court excludes as excessive .75 hours of the 3/20/13 entry for 1.5 hours for "long talk with LaVonne re: many issues."

i. 5/16/13 – 5/23/13      5.50 hours

    i. The Court excludes as excessive .75 hours of a possible 1.5 hours for a "long" telephone conference between Plaintiff and Plaintiff's counsel.

j. 6/19/13 – 7/18/13      8.83 hours

    i. The Court excludes as excessive 2.5 hours of a possible 8.5 hours for settlement discussions.

k. 8/8/13 – 10/3/13      14.25 hours

    i. The Court excludes as excessive 2.0 hours of a possible 2.75 hours for the preparation of an unsuccessful Motion to Allow Appearance by Telephone or Video Teleconferencing.

l. 11/20/13 – 11/21/13      9.75 hours

    i. The Court excludes as unnecessary 6.5 hours for the preparation of a motion for summary judgment which was filed after the dispositive motion deadline in the Case Management Order and denied as untimely.

  m. 1/31/14 – 2/5/14    4.00 hours

    i. The Court includes all time requested.

  n. 1/1/14 – 3/11/14    52.50 hours

    i. The Court excludes 10 hours of a possible 11.50 hours expended in connection with the recovery of attorneys' fees, *see Logicbit*, 2014 NCBC 39 at ¶ 66, and 18 hours of a possible 43.75 hours for trial preparation as excessive.

  o. 7/21/14 – 7/29/14    9.00 hours

    i. The Court excludes all 9 hours as time expended in connection with the recovery of attorneys' fees. *Id.*

{35} Based on the foregoing, the Court finds that 79.45 of the hours expended were "excessive, redundant or otherwise unnecessary." *Logicbit*, 2014 NCBC 39 at ¶ 52.

{36} The Court concludes that Plaintiff's counsel's remaining hours expended were reasonable and necessary to the litigation and therefore includes that time in its lodestar calculation.

{37} Accordingly, after exclusion of time the Court has concluded was excessive, redundant or unnecessary, the Court concludes that 118.20 hours is the appropriate number of hours reasonably expended and to be utilized in calculating the amount of attorneys' fees to be awarded to Plaintiff.

{38} The Court now considers each of the factors listed in paragraph 31 above in determining the reasonableness of Plaintiff's attorneys' hourly fee. Plaintiff's counsel charged an hourly rate of $275 for the prosecution of this derivative action. The Court is reasonably apprised of the time and labor Plaintiff expended in prosecuting this case and the complex legal issues involved in this case and finds Plaintiff's $275 per hour fee is reasonable in light these factors.

{39} The Court is knowledgeable of the fees charged in similar complex litigation by attorneys of similar skill and ability as Plaintiff's counsel. The Court finds Plaintiff's counsel's hourly rates are reasonable in comparison to the fees charged by attorneys for similar representation and in accordance with the skill required of Plaintiff's counsel to litigate this case. Further, the Court finds Mr. Eisele is a highly experienced and able litigator and practitioner and this factor also mitigates in favor of finding his fee reasonable.

{40} Therefore, the Court concludes the $275.00 per hour rate charged by Plaintiff's counsel is reasonable and should be utilized in the Court's lodestar calculation.

{41} The total amount of fees requested is $55,553.25, including $1,199.50 of expenses. After multiplying the 118.20 hours reasonably expended and Plaintiff's counsel's hourly rate of $275, the Court determines the lodestar is $32,505.00. Therefore, the Court concludes Plaintiff should be awarded $32,505.00 in attorneys' fees, plus $1,199.50 in expenses, for a total amount of $33,704.50, to be paid from the assets of the LLC.

III.

CONCLUSION

{42} **IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED** as follows:

a. Plaintiff's Motion for Attorneys' fees is hereby **GRANTED in part** and **DENIED in part**;

b. Within fourteen (14) days from entry of this Order, the Receiver shall remit to Plaintiff's attorney the total sum of $33,704.50 to be paid from the assets of the LLC;

c. All other requested relief is **DENIED**.

**SO ORDERED**, this the 10th day of November 2014.